## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARRY A. ROACH, M.D.<br><br>    Plaintiff,<br><br>    v.<br><br>METAIRIE PHYSICIAN SERVICES, INC., ET AL<br><br>    Defendants. | CIVIL ACTION NO. 2:21-cv-2084 |

## DEFENDANTS' NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, come Defendants, LCMC Health Holdings, Inc., dba East Jefferson General Hospital ("EJGH") and Metairie Physician Services, Inc. ("MPSI") (collectively "Defendants"), and hereby give Notice of Removal of Case Number 821-528 from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

Pursuant to 28 U.S.C. § 1446, Defendants hereby invoke this Court's jurisdiction under 28 U.S.C. § 1331, and state the following grounds in support of removal:

### I.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

1.      On or about October 4, 2021, Plaintiff Harry A. Roach, M.D. ("Plaintiff") filed his Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson, Case Number 821-528 (hereinafter referred to as the "State Action."). In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, documents, and orders which have been served upon Defendants are attached hereto as **Exhibit A**.

2.	Plaintiff's State Action includes a summons reflecting service on EJGH dated October 11, 2021, and a summons reflecting service on MPSI dated October 18, 2021.  The State Action with summons is the first and only pleading received by Defendants setting forth Plaintiff's claims in this litigation.

3.	As this Notice is filed with this Court within thirty (30) days after the first Defendant in this action was served with a copy of the Petition for Damages upon which this action is based, this removal is timely pursuant to 28 U.S.C. § 1446(b).

4.	Neither Defendant has served an answer or responsive pleadings to the State Action or made any appearance or argument in the State Action.

5.	Venue lies in the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§1441(a) and 1446(a).

6.	Contemporaneously with this filing, Defendants will provide a written notification to all parties in this action and will file a Notification of Removal with the 24th Judicial District Court for the Parish of Jefferson as required by 28 U.S.C. §1446(d).  A true and accurate copy of the Notification of Removal is attached hereto as **Exhibit B**.

**II.	THE COURT HAS FEDERAL QUESTION JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1331.**

7.	Removal is proper under 28 U.S.C. §1441(a) because this Court has original jurisdiction of this action under 28 U.S.C. §1331, as this action involves claims that relate to the laws of the United States – specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001, *et seq.*

8.	In his Petition for Damages, Plaintiff alleges that his claim arises out of Defendants' refusal to pay his claim for benefits under the Basic Health Plan in which Plaintiff is a participant.[1]

---

[1]	Petition, ¶ 8.

2

9.      ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce.  29 U.S.C. § 1003.  An "employee benefit plan" is defined as a "welfare benefit plan" or a "pension benefit plan."  29 U.S.C. §1002(3).  A welfare benefit plan means "any plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits or benefits in the event of sickness, accident, disability, death or unemployment…" 29 U.S.C. § 1002(1).

10.      ERISA governs the welfare plan at issue.  *See* ERISA, 29 U.S.C. § 1001, *et seq.* *See Basic Health Plan*, attached as **Exhibit C.**  Litigation under ERISA presents a federal question and jurisdiction is appropriate for federal courts under 28 U.S.C. § 1331(a) which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  Furthermore, under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending."  Accordingly, original subject matter jurisdiction is vested with this Honorable Court pursuant to 28 U.S.C. §1331.

11.      While the Petition for Damages does not expressly indicate that Plaintiff's Claims are subject to ERISA, the primary claim asserted in the Petition for Damages—determination of benefits under a welfare plan—is preempted by federal law and therefore presents a federal question.

12.     ERISA is one of the few federal statutes that supports complete preemption. Specifically, ERISA preempts "any and all State Laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Accordingly, the United States Supreme Court has instructed that all state law claims related to benefits under the terms of an ERISA plan must be re-characterized as claims under Section 502(a) of ERISA, and that such claims give rise to removal jurisdiction. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (preemptive force of ERISA operates to convert ordinary state law claims into federal claims).

13.     Congress enacted ERISA to provide for "a uniform regulatory scheme over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). Therefore, if a claim asserted within the initial pleading implicates ERISA, even if it does not specifically identify the statute, then the statute's expansive preemptive power converts the claim to one arising under federal law for purposes of federal question jurisdiction and it may properly be removed to a district court. As explained by the Fifth Circuit, "[a] law 'relates to' an employee benefit plan when the law has 'a connection with or reference to such plan.' The scope of the ERISA preemption provisions is 'deliberately expansive,' and they are consistently construed to accomplish the congressional purpose of insuring minimum standards in the administration of employee benefit plans." *Manning v. Hayes*, 212 F.3d 866, 870 (5th Cir. 2000) (internal citations omitted). In *Mayeaux v. Louisiana Health Service and Indent. Co.*, 376 F.3d 420, 432 (5th Cir. 2004), the Fifth Circuit explained that ERISA preempts a state law claim if "(1) [t]he state law claim addresses an area of federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationships among traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and beneficiaries." ERISA defines a "participant" as an "employee or former employee of an employer, or any member or

4

former member of an employee organization, who is or may become eligible to receive a benefit."
29 U.S.C. § 1002(7).

14.     A lawsuit by a participant to recover benefits from a covered plan falls directly
within the civil enforcement provision of ERISA, which provides an exclusive federal cause of
action for the resolution of such disputes. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58,
62–63 (1987) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56 (1987)) "It is clear that ERISA
preempts a state law cause of action brought by an ERISA plan participant or beneficiary alleging
improper processing of a claim for plan benefits." *Dowden v. Blue Cross & Blue Shield of Tex.,
Inc.*, 126 F.3d 641, 643 (5th Cir. 1997) (quoting *Memorial Hosp. Sys.,* 904 F.2d at 245 (citing *Pilot
Life Ins. Co.*, 481 U.S. at 48)).  Considering the allegations of the Petition for Damages, it is clear
that Plaintiff's exclusive remedy lies within the civil enforcement provisions of ERISA.

15.     While Plaintiff's Petition for Damages suggests that the Plan is not covered under
ERISA due to its self-funded status, whether a plan is self-funded or insured does not affect
whether or not ERISA applies to a plan.  Courts in the Fifth Circuit routinely apply the provisions
of ERISA to self-funded welfare plans.  *See Garcia v. Best Buy Stores, L.P.*, 416 Fed. Appx. 384
(5th Cir. 2011) (applying ERISA to a self-insured welfare plan); *De La Torre v. Blue Cross & Blue
Shield of Tex.*, 2020 U.S. Dist. LEXIS 256107 at *3 (W.D.Tex. Dec. 29, 2020) (holding that ERISA
governed an employer-sponsored, self-funded welfare plan).

16.     Defendants file this Notice without waiving any defenses to the claims asserted by
Plaintiff or conceding that Plaintiff has stated claims upon which relief can be granted.

WHEREFORE, Defendants LCMC Health Holdings, Inc., dba East Jefferson General
Hospital and Metairie Physician Services, Inc. respectfully request that this action proceed in this
Court as an action properly removed to it pursuant 28 U.S.C. §§ 1331, 1441, and 1446.

Dated:  November 10, 2021.

Respectfully submitted,

JACKSON LEWIS P.C.

*s/ Charles F. Seemann III*
Charles F. Seemann III (La. Bar No. 23933)
Charles.Seemann@jacksonlewis.com
Katelyn W. Harrell (La. Bar No. 35164)
Katelyn.Harrell@jacksonlewis.com
**Jackson Lewis P.C.**
650 Poydras Street, Suite 1900
New Orleans, LA 70130
Telephone: 303-876-2237
Facsimile: 504-208-1759

*Counsel for Defendants*

4888-6017-1010, v. 1